IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 9, 2019

## STATE OF TENNESSEE v. KEVIN MCDOUGLE

**Appeal from the Criminal Court for Shelby County**
**No. 06-04209, 06-04208, 07-01739       W. Mark Ward, Judge**

_____

### No. W2018-00996-CCA-R3-CD
_____

The defendant, Kevin McDougle, appeals from the Shelby County Criminal Court's denial of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. Upon our review of the record and applicable law, we affirm the judgment of the trial court.

### Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ALAN E. GLENN, J., joined.

Kevin McDougle, Nashville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Trayce Jones, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

#### *Facts and Procedural History*

The defendant is currently serving an effective fifty-six-year sentence in the Tennessee Department of Correction for crimes committed in Case Numbers 06-04208, 06-04209, and 07-01739.[1] His sentence stemmed from two separate trials resulting in seven convictions, including: three counts of aggravated robbery, three counts of aggravated assault, and one count of unlawful possession of a handgun. In two separate appeals, the defendant unsuccessfully challenged his convictions and sentences. *State v. Kevin McDougle*, No. W2007-01877-CCA-R3-CD, 2010 WL 2219591, at *1 (Tenn.

---

[1]Case Numbers 06-04209 and 07-01739 were consolidated at trial.

Crim. App. May 24, 2010), *no perm. app. filed*.; *State v. Kevin McDougle*, No. W2009-01648-CCA-R3-CD, 2010 WL 2490752, at *1 (Tenn. Crim. App. June 11, 2010), *no perm. app. filed*. The defendant next sought post-conviction relief for his cases, but he was again unsuccessful in both the trial court and on appeal. *Kevin McDougle v. State*, No. W2011-01430-CCA-R3-PC, 2012 WL 12932002, at *11 (Tenn. Crim. App. June 27, 2012), *no perm. app. filed*.

On April 18, 2018, the defendant filed a motion to correct an illegal sentence, pursuant to Tennessee Rule of Criminal Procedure 36.1. Citing Case Numbers 06-04208, 06-04209, and 07-01739, the defendant alleged his effective fifty-six-year sentence is illegal because: the State failed to file a notice of intent to seek enhanced sentencing; the trial court erred in imposing consecutive sentencing based upon his status as Range I offender; the trial court imposed an excessive sentence; and the "trial court did not have the authority to impose Range [II] sentences." The trial court denied the Rule 36.1 motion in relation to Case Number 06-04208 for failure to state a colorable claim, noting the defendant's "factual assertion is not true." Specifically, the trial court stated the defendant "allege[d] his sentence is illegal because he was wrongfully sentenced as a Range II offender" when, in fact, the "[d]efendant was sentenced as a Range I offender."[2] The defendant timely appealed.

### *Analysis*

The defendant asserts the trial court erred in denying his Rule 36.1 motion to correct an illegal sentence for failure to state a colorable claim. The defendant claims his effective fifty-six-year sentence is illegal and the trial court should have appointed counsel and held a hearing on the motion. The State disagrees, arguing the trial court did not err in denying the Rule 36.1 motion. The State also asserts the defendant's motion was procedurally deficient for failing to attach copies of the judgment orders to the same. Upon our review, it is clear the defendant is not entitled to relief.

Whether a motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law calling for de novo review. *State v. Wooden*, 478 S.W.3d 585, 589 (Tenn. 2015) (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)). Rule 36.1 provides that the petitioner "may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which

---

[2]The defendant drafted two separate Rule 36.1 motions. The first motion references case number 06-04208 and is stamped "Filed." The second motion references case numbers 06-04209 and 07-01739 but does not have a "Filed" stamp on it. Because the motions are located sequentially within the record, we presume the second motion was attached to the first at filing. Therefore, though the trial court's denial order only references case number 06-04208, we apply the denial of the motion to all three cases as the arguments within the separately-drafted Rule 36.1 motions are the same.

the judgment of conviction was entered." A sentence is illegal if it is not authorized by the applicable statutes or directly contravenes an applicable statute. Tenn. R. Crim. P. 36.1 (a)(2). If the motion states a colorable claim, the trial court shall appoint counsel if the petitioner is indigent and not already represented by counsel and hold a hearing on the motion, unless the parties waive the hearing. Tenn. R. Crim. P. 36.1 (b)(3). A "'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. "The movant must attach to the motion a copy of each judgment order at issue and may attach other relevant documents." Tenn. R. Crim. P. 36.1 (a)(1).

In reviewing the record before us, it is clear the defendant is not entitled to relief as the defendant failed to satisfy the procedural requirements of Rule 36.1. Specifically, the rule requires the defendant to "attach to the motion a copy of each judgment order at issue." Tenn. R. Crim. P. 36.1 (a)(1). The record shows the defendant failed to attach copies of the judgement orders for his seven convictions to his motion filed with the trial court. Additionally, the defendant failed to include copies of the judgment orders as part of the record on appeal. Absent copies of the judgment orders at issue, we cannot appropriately review the defendant's claims. It is apparent the defendant failed to meet the procedural requirements under Rule 36.1 and he is not entitled to relief from this Court.

In denying relief, the trial court found the defendant failed to state "a valid claim" in his Rule 36.1 motion. However, we need not address the merits of the defendant's claims as it is clear the defendant has failed to meet the procedural requirements of Rule 36.1 and he is not entitled to relief. Furthermore, this Court previously upheld the sentencing of the trial court, including the imposition of consecutive sentencing, on direct appeal. *Kevin McDougle*, 2010 WL 2219591, at *7-10; *Kevin McDougle*, 2010 WL 2490752, at *4. The defendant is not entitled to relief.

### *Conclusion*

Based on the foregoing, we affirm the judgment of the trial court but remand for correction of the judgment of conviction.

_____
J. ROSS DYER, JUDGE

- 3 -